```
ASTARTE DAVIS-RICE,            )
                               )
            Petitioner,        )
                               )
    v.                         )
                               )   No.  CR-02-40212-DLJ
                               )
                               )   ORDER
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )
_____)
```

On January 22, 2008, petitioner Astarte Davis-Rice ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255. Having considered the papers submitted and the applicable law, the Court hereby DENIES the petition.

## I. BACKGROUND

### A. Factual Background and Procedural History

On November 14, 2002, the government filed an indictment charging Petitioner with a violation of 18 U.S.C. § 751(a), escape from the custody of the Attorney General. On April 18, 2003, Petitioner pled guilty. The Court entered judgment on May 27, 2003. On May 30, 2003, Petitioner filed a notice of appeal. This Court entered an amended judgment on June 20, 2003. On August 11, 2003, the Ninth Circuit Court of Appeals dismissed Petitioner's appeal pursuant to a stipulation by the parties.

On January 22, 2008, Petitioner filed the instant § 2255 petition, in which she seeks relief on two grounds: (1) the grand jury foreperson did not sign the indictment against her; and (2) at the time she pled guilty, petitioner was unaware that she was

subject to a sentence of supervised release.

**B.  <u>Legal Standard</u>**

Petitions under § 2255 are subject to a one year statute of limitations.  28 U.S.C. § 2255(f).  The statute provides:

> The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Id.</u>  Petitioner does not argue that subsections (2) - (4) apply to this case.  Thus, the general rule contained in subsection (1) controls, and the statute began to run when the judgment became "final."

A judgment becomes final "upon the expiration of the time during which [the petitioner] could have sought review by direct appeal."  <u>United States v. Schwartz</u>, 274 F.3d 1220, 1223 (9th Cir. 2001).  That period ends when the time to file a petition for a writ of certiorari to the United States Supreme Court expires. <u>United States v. Garcia</u>, 210 F.3d 1058, 1060 (9th Cir. 2000).  A

party must file a petition for a writ of certiorari within ninety days after a United States court of appeals enters judgment. Sup. Ct. R. 13(1).

## II. DISCUSSION

**A.  Statute of Limitations**

In this case, the Ninth Circuit dismissed Petitioner's appeal on August 11, 2003. That act triggered the ninety day window for Petitioner to file a petition for a writ of certiorari. The ninety day period expired on November 10, 2003.[1] The statute of limitations expired one year later, on November 10, 2004.

The instant petition, filed on January 22, 2008, falls far outside the limitations period. Accordingly, the petition is barred by the statute of limitations.

**B.  Petitioner's Constitutional Claims**

Even if the petition had been timely, Petitioner's claims are frivolous. The asserted factual basis for each claim is false.

First, Petitioner is wrong that the grand jury foreperson never signed the indictment. Even though Petitioner has never obtained a signed copy of the indictment, the original document, located in the Court's file, bears the foreman's signature twice.

Second, contrary to Petitioner's assertion, Petitioner knew she was subject to a sentence of supervised release. In paragraph

---

[1] Technically, the ninety day period ended on November 9, 2003. That day was a Sunday, however, so the period extended into the following Monday. See Fed. R. Crim. P. 45(a).

(8)(d) of Petitioner's Application for Permission to Enter a Plea of Guilty, Petitioner declared under penalty of perjury that her attorney informed her the Court could order a term of supervised release.  In the same document, Petitioner's counsel certified the same information.  Petitioner's claim that she did not know the Court could impose supervised release is therefore unfounded.

## III. CONCLUSION

Based on the foregoing, the Court hereby DENIES the petition.

IT IS SO ORDERED

Dated: October 9, 2008            _____
                                  D. Lowell Jensen
                                  United States District Judge